Morris J. KLEINFELD, et al., Plaintiffs,

v.

TIFFANY INDUSTRIES, INC., et al., Defendants.

TIFFANY INDUSTRIES, INC., Plaintiff,

v.

ALEXANDER GRANT & COMPANY, Defendant.

Nos. 79–0394C(3), 79–1173C(3).

United States District Court, E.D. Missouri, E.D.

Dec. 30, 1985.

James F. Strother, Alexander Grant & Co., Chicago, Ill., Thomas E. Wack, Walter M. Clark, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., William Bruce Hoff, Jr., Stanley J. Parzen, Lynne M. Raimondo, Chicago, Ill., for Alexander Grant & Co.

J. Richard McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for Joe Simpkins.

Alan C. Kohn, Mark J. Bremer, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for Farrell Kahn.

Sherri L. Cranmore, St. Louis, Mo., for Abraham Appel.

Lon Hocker, Edward K. Fehlin, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for Fisher, Johnson, Kling, Londoff and Saettele.

Rexford H. Caruthers, Kenneth C. Brostron, Lashly, Caruthers, Thies, Rava & Hamel, Joel D. Monson, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., for Susman, Stern, Heifetz, Lurie, Sheehan, Popkin and Chervitz.

Lewis C. Green, St. Louis, Mo., Julius H. Berg, Clayton, Mo., Ronald L. Futterman, Hartunian, Futterman & Howard, Chartered, Chicago, Ill., for Morris J. Kleinfeld.

MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on class plaintiffs' and defendant Alexander Grant & Company's separate requests for contin-

uance of the present trial setting. On Monday, December 23, 1985, the Court heard oral argument on these requests.

Plaintiffs Kleinfeld generally seek a continuance of the trial so that it begins two months from the close of discovery on December 21, 1985.

Defendant Alexander Grant & Company (Alexander Grant), defendant in cause no. 79–0394C(3) and in cause no. 79–1173C(3), seeks sixty days or more extension of the discovery deadline and a rescheduling of the trial to an "appropriate date thereafter." Alexander Grant asserts these are extremely complex cases requiring further time adequately to prepare for trial so that they are presented in as efficient and professional a manner as possible. Alexander Grant urges that it "desperately needs" to complete "essential" discovery so the parties should be granted at least the month of January for that purpose.

Tiffany Industries, Inc. (Tiffany), a plaintiff in cause no. 79–1173C(3) and a defendant in cause no. 79–0394C(3), and Simpkins, a defendant in cause no. 79–0394C(3) only, take no position on the request of plaintiffs Kleinfeld for a continuance of the trial setting. These parties vigorously oppose either a trial continuance of any greater length of time, or a further extension of the discovery deadline. All other defendants concur in the positions of Tiffany and Simpkins.

Counsel for Tiffany and Simpkins summarized for the Court the recent history of consolidated discovery efforts in the related *Tiffany* cases, including:

| | |
|---|---|
| 2/15/84 | order entered consolidating *Tiffany* cases for discovery, including discovery in related state court case upon consent of presiding state court judge |
| 3/27/84 | order entered approving first phase of the parties' stipulated discovery schedule so that production of documents is to be completed by August 31, 1984 |
| 2/26/85 | order entered setting guidelines for and scheduling a "formal pre-trial conference" or summary jury proceeding |
| 8/6/85 | "formal pre-trial conference" was held before Chief Judge Nangle |
| 8/22/85 | discovery conference before United States Magistrate Noce |
| 8/30/85 | order entered requiring all depositions completed by December 9, 1985; all expert witnesses identified by September 16, 1985; and all interrogatories and requests for admissions or for production of documents propounded by October 1, 1985 |
| 11/8/85 | Alexander Grant files motion for modification of order setting discovery deadline |
| 11/22/85 | order entered by Chief Judge Nangle maintaining in effect the previously established discovery schedule and setting the case for trial on February 3, 1986 |
| 11/22/85 | Alexander Grant moves for stay of discovery proceedings due to principal counsel's illness |
| 11/26/85 | order entered by United States Magistrate Noce denying Alexander Grant's motion for modification of discovery schedule and for stay of discovery proceedings |
| 11/27/85 | Alexander Grant moves for continuance in this division and the request is denied |
| 12/13/85 | United States Magistrate Noce grants Alexander Grant's request for extension for further discovery so that parties have until 6:00 p.m. on December 21, 1985, to complete depositions |

Counsel for Tiffany and Simpkins represented that, except from the time of the February 26, 1985, order through mid April, 1985, the original date for the "formal pre-trial conference,"[1] the parties vigorously pursued discovery efforts. Furthermore, counsel informed the Court that principal counsel for Alexander Grant (a) had a three-week vacation scheduled for the time preceding the "formal pre-trial conference;" (b) after the August 30, 1985, discovery schedule order, had scheduled one day of depositions for September, 1985, and five days of depositions for October, 1985; and (c) had planned six days of depositions during November, 1985, and two days of depositions during December, 1985. After the time of its counsel's illness in mid-November, Alexander Grant first in-

---

1. Counsel for Simpkins noted this conference was continued due to the illness of Simpkins and the need for all parties personally to attend the conference.

formed other parties it would not be able to depose witnesses. Relying on that information, counsel for Tiffany allowed those deponents to make other plans. Thereafter, on or about December 4, 1985, counsel for Alexander Grant informed others that they would be deposing witnesses and noticed depositions for December 9, 1985.

While acknowledging that probably all of the parties[2] could pursue further discovery, counsel for defendants Tiffany and Simpkins urged the Court to adhere to the discovery deadline rulings provided by Chief Judge Nangle and United States Magistrate Noce who have prolonged and intimate familiarity with these cases' proceedings directed to discovery, settlement efforts, and issues on the merits.

The Federal Rules of Civil Procedure were devised to eliminate extensive, ritualistic pleading, complaint, answer, reply, demurrer, rejoinder, surrejoinder, rebuttal, surrebuttal, and the worship of form over substance. The discovery rules presented thereunder were designed to avoid "trial by ambush." The modern trial court has as its additional burden the duty of preventing "trial by avalanche." The goal is to seek the truth, not to exhaust the clients.

Upon careful consideration of the record and parties' positions on the recent scheduling requests in these nearly seven-year-old cases; in light of the previously established discovery period extending almost twenty-two months, if not longer; finding rescheduling of the trials herein is not "de minimis," as characterized by Alexander Grant; in view of the administrative needs of this Court, which has approximately 350 cases in the Eastern Division and approximately 150 cases in the Northern Division, and which has set aside the month of February, 1986, for trial of these cases, one of which the parties estimate will take up approximately eighty trial days; and in light of the vast, capable resources available to Alexander Grant, which reported it had seventy lawyers in its local firm that has been representing Alexander Grant in these cases since their inception, and eighty trial attorneys in its 260-person non-local firm; and to the other parties (counsel for Kleinfeld indicated he had three firms of fifteen attorneys; counsel for Tiffany and Simpkins have twenty-five attorneys; counsel for Kahn has thirteen attorneys; Chervitz has three attorneys; and another party had twelve attorneys (the Court cannot avoid observing that the three-person firm announces ready and seeks no further delay)), the Court will deny the requests to continue cause no. 79–0394C(3); will grant the request to continue cause no. 79–1173C(3), and will reset that case for trial on February 17, 1986; and will deny Alexander Grant's requests for further extension of the discovery deadlines. The Court will schedule a pretrial conference in cause no. 79–0394C(3) for 2:00 p.m. on Friday, January 24, 1986.

The disability of one party's principal attorney in multiparty, complex, and lengthy litigation is regrettable. However, Popes, Presidents, and Governors are shot but the mission of the Church and the work of the government goes on. Perhaps Justice Learned Hand put it best in a commencement address to Yale Law School graduates when he stated *vis a vis* lawyers:

> In thousands of chambers, committee rooms and lecture halls, the spirit of the law becomes incorporate; and neither you, nor I, nor any other individual, shall have much part in it. We are the workers in the hive; we shall not be missed, nor shall we be able to point at the end to any perceptible contribution. But the hive goes on, an entity, a living thing, a form, a reality. So far as we cannot severally sink our fate in its fate, we shall not have our reward.

*The Spirit of Liberty, Papers and Addresses of Learned Hand,* collected, and with an introduction and notes, by Irving Dilliard, at 89 (1960).

A fortiori the law and the pursuit of justice will doubtless go on when all of us

---

**2.** Counsel for defendant Chervitz reported to the Court that his discovery efforts were complete.

lesser actors have withdrawn from the stage.