Alice MEDLIN, Plaintiff,

v.

H. Allen ANDREW, Carolina Fabric Label Corp., John Andrew, Clyde Andrew, and Judy Andrew Kepley, Defendants.

No. C–86–898–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Jan. 15, 1987.

Debra I. Johnson, High Point, N.C., for plaintiff.

Robert E. Sheahan, Mark Floyd Reynolds, II, High Point, N.C., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on plaintiff's motion for a protective order staying all discovery and, in particular, prohibiting the deposition of plaintiff for a minimum period of ninety days.[1] The history of this action is as follows.

In August 1986, plaintiff initiated this action in state court. Plaintiff now alleges among other things breach of duty to a minority shareholder, intentional infliction of emotional distress, assault by rape, invasion of privacy, and violation of the federal Equal Pay Act. This last claim, pertaining to the Equal Pay Act was substantially altered and bolstered by an amendment to the complaint. Defendants removed the action to this Court. A few days thereafter, plaintiff made a motion to remand the case to state court, alleging that de-

fendants' removal petition was defective and untimely and that defendants waived their right by substantially participating in the state process. It should be noted that these defects do not challenge the Court's jurisdiction to hear the controversy.

The dispute concerning the removal centers around plaintiff's amended complaint. Defendants contend the removal was timely because plaintiff's federal Equal Pay Act cause of action was first presented in the amended complaint. Plaintiff would have the Court hold that the timeliness of the motion to remand should be measured from the filing of the original complaint which, everyone would agree, would make the motion untimely.

■ While awaiting ruling on her motion to remand, plaintiff requests a protective order pursuant to Rule 26(c), Fed.R.Civ.P., staying all discovery and, in particular, her deposition. With respect to the general stay, plaintiff contends that any active participation by her in the discovery will result in her waiving her motion to remand. Under the circumstances of this case, the Court disagrees. It is true that a plaintiff may waive the right to object to a defendant's removal unless plaintiff acts in a timely fashion to protect her right. This is so because any defect concerning the removal which does not go to the jurisdiction of the federal court to hear the controversy is susceptible to the application of waiver and estoppel. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir.1985)-(collecting cases); 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3721 at 228–30 (1985). Therefore, and not unexpectedly, permitting the removed case to proceed to the merits will result in

1. While this Order was being prepared, plaintiff filed a motion purportedly withdrawing her motion because a January 6, 1987 notice of her deposition had been withdrawn and because defendants' attorneys were purportedly no longer professionally associated and thus no discovery could in fact be conducted until it was decided which attorney would handle the case. On that very day, defendants filed a motion vigorously protesting plaintiff's request for a protective order and seeking to be permitted to

conduct discovery. The Court, therefore, finds plaintiff's conditional withdrawal of her motion to be ill advised, if not disruptive. Were the Court to act on her motion, that would merely postpone the controversy and create more problems along with a host of new motions on the same subject when defendants initiate discovery. Rather than invite unnecessary work, the Court declines to accept plaintiff's conditional withdrawal of her motion.

plaintiff's having waived objections to removal. *Wright, supra; Leininger v. Leininger,* 705 F.2d 727 (5th Cir.1983)-(defect noted on appeal); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980)-(tried on merits).

A waiver may also be inferred short of the case reaching trial. Waiver results when a plaintiff fails to make a timely motion for a remand and actively participates in the litigation. Since there is no set time for filing a motion to remand, the Court must determine untimeliness from the context of each case. The same is true in determining how much participation is necessary to infer plaintiff has intentionally abandoned any right to seek a remand. For example, in *Dukes v. South Carolina Ins. Co., supra,* the court found waiver because plaintiff waited two years before raising the removal objection and participated in the federal litigation by responding to interrogatories, attending a status conference, and participating in a summary judgment motion. *See also St. Louis Home Insulators v. Burroughs Corp.,* 597 F.Supp. 98 (E.D.Mo.1984)-(plaintiff delayed filing motion to remand for a period of at least one-half a year, participated in discovery, entered into confidentiality agreements, engaged in a jury trial, and only filed the motion when it appeared that defendant's motion for summary judgment would be granted); *Meadows v. Bicrodyne Corp.,* 559 F.Supp. 57 (N.D.Cal.1983), *aff'd,* 785 F.2d 670 (9th Cir.1986)-(multiple appearances by plaintiff and failure to raise timeliness objection six months earlier when the court denied plaintiff's motion to remand); *Intercoastal Refining, Inc. v. Jalil,* 487 F.Supp. 606 (S.D.Tex.1980)-(filing jury demand); *Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418 (S.D.N.Y.1978)-(litigating defendant's motion for summary judgment). On the other hand, the Court is not required to acknowledge plaintiff's waiver and may remand *sua sponte. Id.*

Where the plaintiff has filed a timely motion for remand, the Court will not infer waiver by plaintiff's participating in the action either offensively or defensively. In that situation, everyone has been put on notice of plaintiff's intention so they may take steps to protect their interests. Indeed, except in unusual circumstances, the Court should not stay discovery, inasmuch as the removal from state court has likely already delayed initiation of discovery and now that state and federal discovery rules are most often similar, the change to the federal forum will not likely effect the conduct of discovery so as to harm anyone in the event the case is remanded. Last, while a stay perhaps could be appropriate where plaintiff's motion for remand challenges the court's jurisdiction, *see Boggs v. Blue Diamond Coal Co.,* 432 F.Supp. 19 (E.D.Tenn.1977), here plaintiff only alleges non-jurisdictional defects. Thus, plaintiff's motion for a protective order staying all discovery shall be denied.

■ Plaintiff next requests that the Court prohibit her deposition for a period of ninety days. This presents a little more troublesome issue. Plaintiff submits a letter from her psychiatrist which briefly states that plaintiff has been showing progressive deterioration in her mental state and is anxious and disorganized. In his opinion plaintiff could not be deposed without presenting a risk of further deterioration and perhaps hospitalization. He asserts she should not be deposed for a period of ninety days.

Defendants object to plaintiff's request for a protective order prohibiting her deposition. First, defendants point out that plaintiff has made extremely serious charges which, if unfounded, are certainly equal to, if not greater than, the anguish, humiliation, and embarrassment which plaintiff alleges. They claim plaintiff should not have filed the lawsuit at this time if she was not prepared to litigate it. Since defendants raise the statute of limitations in their defense, the viability of that statement may be questionable. However, the Court does agree with them that a Rule 26(c), Fed.R.Civ.P., protective order should be sparingly used and cautiously granted. As stated in *Salter v. Upjohn Co.,* 593 F.2d

649, 651 (5th Cir.1979): "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."[2] *See also* 8 Wright & Miller, *Federal Practice and Procedure,* § 2037 (1986 Supp.). As a consequence, most requests that a deposition not be conducted are denied. *See CBS, Inc. v. Ahern,* 102 F.R.D. 820 (S.D.N.Y.1984)-(busy schedule); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 429, 437 (E.D.Pa.1981)-(deposition of attorney); *Waldbaum v. Worldvision Enterprises, Inc.,* 84 F.R.D. 95 (S.D.N.Y.1979)-(plaintiff's [not defendant's] facing criminal charges); *Culp v. Devlin,* 78 F.R.D. 136 (E.D.Pa.1978)-(busy public officers); *but see Halperin v. Kissinger,* 606 F.2d 1192 (D.C.Cir.1979), *aff'd per curiam,* 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981)-(explore alternative means before subjecting high level officials to burdensome deposition); and *Digital Equipment Corp. v. System Industries, Inc.,* 108 F.R.D. 742 (D.Mass.1986)-(deposition to look into reasons for initiating lawsuit and to waste plaintiff's time).

Not only are protective orders prohibiting depositions rarely granted, but plaintiff has a heavy burden of demonstrating the good cause for such an order. *CBS, Inc. v. Ahern, Inc., supra.* For example, in *Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 333–34 (D.R.I.1976), the court held that in order to obtain a protective order prohibiting a deposition based on grounds of harassment, the movant must show lack of relevance in addition to the likelihood of harassment being more probable than not. Conclusory assertions of injury are simply insufficient. *CBS, Inc., supra.* In seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would be dangerous to the deponent's health.

In the instant case, plaintiff has come forward with evidence that plaintiff's health might be impaired by the deposition. Defendants object to the conclusory nature of the doctor's statement. However, the Court has no reason to disbelieve the psychiatrist's conclusion and, therefore, it must consider that plaintiff's health could be jeopardized by the deposition. Consequently, the Court finds that plaintiff has met her initial burden to receive a brief stay but more is required should she want a substantial or permanent stay of her deposition.

In granting a Rule 26(c), Fed.R.Civ.P., protective order prohibiting a deposition, the Court may not abdicate its responsibility by unquestionably accepting a doctor's summary opinions. The opposing party has a right for itself and on behalf of the Court to examine the matter in more detail. (That is necessarily true in this case where plaintiff has put her health in issue.) The Court finds that the brief and conclusory doctor's certificate is not sufficient to obtain a blanket ninety-day protective order against her deposition. In order to resolve this dilemma, the Court will give plaintiff a temporary protective order against her deposition within which time plaintiff shall make her physicians or psychiatrist available to defendants and for examination, if necessary. Prior to the end of the thirty-day period, plaintiff may renew her motion for a continuation of the protective order by coming forward with specific evidence from her doctors supporting that position, at which time, defendants should be situated to accede to the request or challenge it on the basis of the information gathered during the thirty-day period. To the extent sensitive information is sought, the parties may wish to consider agreeing to some type of protective order against public disclosure.

IT IS THEREFORE ORDERED that plaintiff's motion for a protective order

---

**2.** However, *see Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974 (11th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986)-(the requirement of extraordinary circumstances to prohibit a deposition is no different than the normal abuse of discretion standard used to oversee trial court decisions).

staying all discovery in this case pending this Court's ruling on plaintiff's motion to remand be, and the same hereby is, denied.

IT IS FURTHER ORDERED that plaintiff's motion for a protective order against her deposition is granted on the conditions set forth in the body of this Order and all parties are prohibited from deposing plaintiff until on or after February 17, 1987. During such time period, plaintiff shall make available to defendants her physicians or psychiatrist who have indicated that plaintiff's health would be imperiled by her deposition.