**PARKWAY GALLERY FURNITURE, INC., Plaintiff,**

v.

**KITTINGER/PENNSYLVANIA HOUSE GROUP, INC., d/b/a Pennsylvania House, Defendant.**

**ROSE FURNITURE COMPANY, Plaintiff,**

v.

**KITTINGER/PENNSYLVANIA HOUSE GROUP, INC., d/b/a Pennsylvania House, Defendant.**

**Nos. C–86–674–D, C–86–675–G.**

United States District Court, M.D. North Carolina.

July 24, 1987.

See also, D.C., 116 F.R.D. 46.

William Kearns Davis, Richard V. Bennett, James R. Fox, Winston-Salem, N.C., Norman B. Smith, Greensboro, N.C., for plaintiff.

George L. Little, Jr., Daniel R. Taylor, Jr., James R. Hubbard, David C. Smith, Winston-Salem, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiffs seek an order to permit them to conduct additional discovery with respect to Management Horizons, Inc. ("Horizons"), a nonparty. The complaint charges that defendant engaged in anticompetitive acts, including a vertical conspiracy with its other dealers, to injure plaintiffs in the distribution and marketing of defendant's furniture. Horizons comes into the picture because it was allegedly used in 1984 as a vehicle to institute the illegal marketing policy charged in the complaint. Horizons is an independent market research company. Plaintiffs believe that defendant hired Horizons to conduct a market analysis among defendant's dealers in order to prepare a report which defendant could then use as a pretext for implementing the alleged illegal marketing policy set out in the complaint. Plaintiffs have sought the Horizons' report and recommendations from defendant but have discovered that defendant has retained very little of them. Therefore, plaintiffs now seek the documents directly from Horizons. In the present request pending before the Court, plaintiffs not only wish to serve a Subpoena Duces Tecum in order to conduct a deposition in which the documents will be produced and identified, but plaintiffs also seek to take the substantive depositions of three of Horizons' officers through issuance of out-of-district subpoenas in order to explain the survey and results.

Defendant resists the motion. Defendant's real concern lies with the request to take the three substantive depositions. Defendant points out that plaintiffs had ample time to take these depositions but did not do so, that the request comes after the discovery period has ended, and that granting the motion will delay the progress of this case on the docket. Defendant is interested in moving this case along.[1]

The Horizons documents are relevant to the case. Even if the survey and reports do not prove the conspiracy, they may serve defendant in being a defense for its actions. At the April 30, 1987 status conference, the issue of obtaining Horizons' documents was before the Court. The Court learned that defendant, in accordance with an earlier direction by the Court, had contacted Horizons to secure documents which defendant did not have because it discarded them. Defendant reported it could not obtain Horizons' compliance. The Court, therefore, instructed plaintiffs' counsel to directly contact and negotiate with Horizons. If Horizons was unwilling to produce any material because it might be sensitive, plaintiffs were to proffer a protective order restricting use of the material to plaintiffs' counsel and expert witnesses. Plaintiffs did contact Horizons and some agreement has been obtained, although Horizons may insist on deleting the identity of the dealers who were surveyed. It is unknown whether Horizons would maintain this position even if offered the suggested protective order.

■ The Court starts with the proposition that the documents and information which plaintiffs seek in the Subpoena Duces Tecum are relevant to plaintiffs' claim and their right and need to have them cannot be disputed. Second, the Court has both the authority and the responsibility to expedite discovery and minimize delay. *Watson v. Miears,* 772 F.2d 433, 437 (8th Cir.1985). Violation of scheduling orders may, in appropriate circumstances, lead to dismissal of claims. *Rabb v. Amatex Corp.,* 769 F.2d 996 (4th Cir.1985). A reasonable discovery schedule may be enforced, even if relevant discovery is denied, unless extenuating circumstances compel a contrary finding. *Otero v. Buslee,* 695 F.2d 1244 (10th Cir.1982) (3–month discovery sufficient); *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138 (D.Me. 1985) (4–month discovery—case not complex); *Kleinfeld v. Tiffany Industries, Inc.,* 109 F.R.D. 333 (E.D.Mo.1985) (discovery extended 22 months, case 7 years old); *contrast Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1213 (3d Cir. 1984) (2–month discovery for pro se plaintiff too short, normal period 4 months).

■ Here, the Court set a 6–month discovery period. Considering the magnitude and complexity of the issues, this period was not overly generous to plaintiffs. The time table was tight and has been enforced to accommodate defendant's concerns. *See* n. 1, *infra.* In addition, while briefing for a summary judgment motion is imminent, trial is not. Finally, the Court finds exten-

---

1. At the initial pretrial conference, defendant pressed for an early end to discovery so that its motion for summary judgment could be heard. Also, defendant had suspended its retail marketing policy as to plaintiffs and, for this reason, also sought an early decision and/or trial. The complaint was filed in August, 1986 and discovery was to be completed on or before April 29, 1987. While discovery has had its problems, considering the magnitude of the task, it has been conducted without any major breakdown. The Court has held several conferences and issued several Orders. On April 9, 1987, the Court held to its position that general discovery would be concluded by April 29, 1987. However, it gave the parties until May 15, 1987 to complete general depositions, experts were re-quired to be designated by April 30, 1987, and their depositions to be concluded by June 1, 1987. Plaintiffs were required to reply to defendant's motion for summary judgment by July 1, 1987. Thereafter, the Court permitted several out-of-time nonparty depositions to be completed by the first part of June, 1987. Thereafter, both sides requested an amendment to the expert deposition schedule. The Court set back the briefing schedule so that plaintiffs' brief is required by July 31, 1987, with defendant's response by August 30, 1987. On June 11, 1987, plaintiffs noticed the depositions at issue here. They withheld seeking enforcement of those subpoena depositions pending approval from this Court.

uating circumstances for deviating from the scheduling order.

The extenuating circumstances arise from plaintiffs' trying to use informal methods to obtain the Horizons documents, such as by asking defendant's assistance. This was not unreasonable because defendant had contracted with Horizons. In fact, the Court encouraged the parties to use this method. Plaintiffs did not begin seeking the documents at the last minute. To punish plaintiffs now would not be in the interests of justice. Informal discovery methods can often reduce discovery time and costs. The Court should not discourage these methods where there is no indication that such efforts will be futile, or are pursued for delay or other ulterior purposes. Requiring litigants to always formally move for discovery under the Federal Rules of Civil Procedure can serve in some instances to generate objections that otherwise would not be raised and increase litigation costs. Of course, when these informal efforts fail, some delay must be expected in order to permit the litigant to pursue the more formal route.

Plaintiffs have not waited an unreasonable length of time before seeking judicial assistance in obtaining the documents. Only at the end of April was it clear that defendant could not provide the documents to plaintiffs. At the Court's suggestion, plaintiffs informally asked Horizons for the documents. Plaintiffs took a little over one month to make the determination that subpoenas were needed. While perhaps not acting with utmost celerity, they have been sufficiently diligent in pressing this issue so that the Court has no hesitation in making an exception to the discovery cutoff time and permitting plaintiffs to pursue their Subpoena Duces Tecum as set out in Appendix 2 of their Brief.

■ Plaintiffs' request to serve the three subpoenas in order to obtain substantive testimony is a different matter. This request is newly arising, not a continuing one, and was made almost two months after the end of general discovery. However, no one disputes that it would be helpful to depose those persons who conducted the survey in order to understand the documents. Considering the fact that plaintiffs were not given a generous discovery schedule and because there will be delay in any event in producing the documents, the Court is inclined to grant plaintiffs' request. The delay under these circumstances is not deemed unreasonable. Also, plaintiffs have been unable to secure this information from defendant because defendant did not have the documents in its possession and, therefore, its people were not amenable to deposition concerning the missing documents. The substantive deposition of Horizons is to this extent appropriate.

The Court also considers a final factor which persuades it to grant plaintiffs' request to seek out-of-time depositions. Horizons may be viewed as being in league with the defendant, which was its client. Extenuating circumstances for granting an exception to a discovery deadline may arise if the Court finds that an aligned nonparty is interfering with the case management. This is particularly true when the nonparty may more effectively impose delays because it resides out-of-district and, therefore, compliance must be secured through the auspices of another district court through the subpoena process. Here, there is an indication that Horizons has been thwarting and delaying legitimate requests by plaintiffs and even those made by defendant. Were Horizons within this District, the Court could quickly secure their cooperation and require the substantive depositions to be taken along with the document production and thereby eliminate delay. In order to prevent Horizons from interfering with this case in a fashion which the Court would not permit a party to do, the Court finds justification for excusing plaintiffs' noncompliance with the discovery schedule and will grant plaintiffs request to take the depositions. However, plaintiffs are directed to seek an expedited

enforcement of their subpoenas. The Court will adjust the parties briefing schedule accordingly.

IT IS THEREFORE ORDERED that plaintiffs' motion to conduct further discovery by enforcement of an out-of-district Subpoena Duces Tecum and three subpoenas for the taking of substantive depositions is hereby granted. Plaintiffs are directed to expedite enforcement of the subpoenas.

IT IS FURTHER ORDERED that plaintiffs' reply brief is due on or before August 31, 1987. Defendant's brief is due by September 31, 1987. Any further reply brief from plaintiffs must be filed on or before October 10, 1987.