**KRON MEDICAL CORPORATION and American Imaging Associates, P.A., Plaintiffs,**

v.

**C. Daniel GROTH, Defendant.**

**No. C–88–95–D.**

United States District Court, M.D. North Carolina, Durham Division.

April 7, 1988.

---

7. The defendants refer us to the unpublished order by this Court which reached the opposite conclusion. *Hess Oil Virgin Islands Corp. v. Borinquen*, Civ. No. 1986/90 (D.V.I. March 24, 1988). To the extent, that decision has any precedential authority as an unpublished matter, it is overruled.

8. Even if we would conclude otherwise, we would not dismiss, but quash service, grant an additional 120 days to serve the summons and complaint and award costs to the plaintiff for having to personally serve the defendants. *See* Fed.R.Civ.P. 4(c)(2)(D).

Thaddeus B. Hogdon, Raleigh, N.C., for plaintiffs.

James K. Dorsett, III, Raleigh, N.C., Thomas E. Fisher, I. Monica Olszewski, Cleveland, Ohio, for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Defendant has moved to transfer this case to the Northern District of Ohio for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a), because he and his witnesses are located there.[1] As is not uncommon in such situations, defendant concurrently requests a stay of the time to file an answer and a stay of all discovery pending resolution of the motion to transfer.

 A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c), Fed.R.Civ.P. The moving party bears the burden of showing good cause and reasonableness for such an order. *See Medlin v. Andrew*, 113 F.R.D. 650, 652–53 (M.D.N.C.1987)–(depositions). Motions for a protective order which seek to prohibit or delay discovery are not favored. *Id.* In considering such motions, the Court needs to remain mindful of its

---

1. At the time the motion to stay discovery was made, Locum Professional Services, Inc. was also a defendant which had joined in defendant Groth's motion. Locum sought a stay of discovery not only on the basis that it wished to have the case transferred to Ohio, but also because it contended the action should be dismissed as to it for lack of jurisdiction. Since that time, plaintiffs voluntarily dismissed Locum.

responsibility to expedite discovery and minimize delay. *Parkway Gallery Furn. v. Kittinger/Pennsylvania,* 116 F.R.D. 363, 365 (M.D.N.C.1987). Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.

■ This general policy disfavoring the staying of discovery applies equally to cases wherein a motion is made to transfer the case to another district pursuant to 28 U.S.C. § 1404(a). The mere filing of a motion to transfer pursuant to Section 1404(a) does not constitute grounds for staying discovery pending resolution of the motion and the Court should not grant a stay absent a solid showing of good cause. Indeed, prior to ruling on the motion to transfer, discovery may be required in order to identify and refine the issues pertinent to the transfer issue. *Poncy v. Johnson & Johnson,* 414 F.Supp. 551 (S.D.Fla.1976). Furthermore, considering the availability of rapid travel and communications, it usually imposes no extraordinary burden on a party to litigate in one federal district court as opposed to litigating in another.

■ Factors which could support a showing of good cause for a stay of discovery would include, among others,[2] the fact that the nature of the lawsuit is such that most of the controversy, evidence, and witnesses are located in the proposed transferee district and this will immediately pose discovery problems, or there may be significant discovery disputes which, therefore, will be better decided by that court. *See Stolz v. Barker,* 466 F.Supp. 24, 28 (M.D.N.C.1978). The moving party must come forward with a specific factual showing that

the interests of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the costs of delay.

■ In the instant case, defendant's request for a stay of discovery falls short of the mark. The complaint alleges that defendant appropriated business secrets and unlawfully opened a business in Ohio which competes with plaintiffs. Defendant seeks to stay discovery because most of his witnesses will be from Ohio. They will testify concerning his character and reputation and the fact that he had professional skills and knowledge prior to coming to work for plaintiffs. These people will include colleagues, associates, and former employees. Plaintiffs, however, also plan to have a number of witnesses for trial. Fourteen of them may be employees and three non-employees. In addition, plaintiffs expect to have a large number of documents which will be relevant for the trial. While defendant has the advantage in the weighing of hardships because all his witnesses are in Ohio and not subject to his control, this showing is simply inadequate to support a stay of discovery. Under any scenario, discovery will be conducted both in Ohio and in North Carolina. Also a major part of the discovery will involve the parties themselves who are located in each state. The Court cannot perceive any substantial benefit in staying discovery. Defendant fails to establish good cause for a stay.

IT IS THEREFORE ORDERED that defendant's motion for an extension of time to file an answer and to stay discovery is denied. Defendant shall file an answer, along with any Rule 12, Fed.R.Civ.P., motions on or before April 20, 1988.

---

**2.** While not raised here, a common factor cited in support of a stay is that new counsel will be employed if the case is transferred. That argument, however, can as well persuade the Court to deny the motion to transfer pending completion of discovery or a phase of discovery. *See McQueeny v. J.W. Fergusson & Sons, Inc.,* 527 F.Supp. 728 (D.N.J.1981).