UAI TECHNOLOGY, INC., Plaintiff,

v.

VALUTECH, INC., Data Card Corporation, David Robinson and Eric Thomson, Defendants.

No. C–87–630–D.

United States District Court,
M.D. North Carolina,
Durham Division.

Oct. 17, 1988.

David A. Harlow, Research Triangle Park, N.C., for plaintiff

Mark J. Prak, Wade M. Smith, Raleigh, N.C., O. William Faison, Reginald B. Gillespie, Jr., Durham, N.C., Dudley Humphrey, Rodrick J. Enns, J. David Mayberry, Winston–Salem, N.C., Thomas J. Stevens, Durham, N.C., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff seeks an order permitting it to depose defendant Valutech's customers. Defendant opposes the motion fearing that if the customers learned about the litigation it could ruin its business reputation. The complaint alleges defendant Valutech misappropriated plaintiff's data software in order to construct and sell its own software for use by businesses to more efficiently or economically transmit checks or other financial instruments. These companies are allegedly very conservative and may be sensitive to even the hint of scandal, even if ultimately shown to be unfounded. As a result of these contentions, the Court previously required plaintiff to establish a *prima facie* basis for believing that deposing defendant's customers will lead to relevant information.[1] Plaintiff presents the affida-

---

1. At a June 23, 1988 conference, plaintiff asserted it had grounds to support taking depositions based on interviews with a former Valutech employee, Charles Allen Spence, who indicated that customers have archive copies of the infringing software and also knowledge of relevant representations and misrepresentations. In addition, plaintiff represented that defendant's president, Eric Thomson, often indicated to customers that Valutech's study base came from plaintiff. As a result, the Court in a June 24, 1988 Order required plaintiff to first depose these two individuals prior to the Court's permitting plaintiff to conduct the depositions of

vit and deposition of Valutech's former employee, Charles Spence, to make its showing.

Defendant Valutech strenuously resists having its customers deposed. First, it contends that Mr. Spence's affidavit and deposition testimony are inconsistent and unbelievable. To demonstrate this, defendant presents affidavits from officers or employees of Fleming Companies, Inc., Citgo Petroleum Corporation, Marathon Systems, Inc., and Southland Corporation, all customers of defendant Valutech. These affidavits essentially convey the impression that the information given by Charles Spence in his affidavit and in his deposition is simply not true. Therefore, defendant contends that depositions of its customers are not necessary, particularly those customers on whom plaintiff has not served a notice of deposition upon and, therefore, allegedly remain unaware of the lawsuit.

Defendant Valutech presents a second line of defense claiming that it has provided plaintiff with all of the information in its files concerning contact with the customers. Furthermore, plaintiff will soon be conducting the depositions of several former employees of these customers and defendant wants the Court to stay the customer depositions to see whether these former employees can, in fact, corroborate any of the information contained in Spence's affidavit and deposition. Finally, defendant complains that the depositions represent seven of defendant's best customers and may jeopardize the accounts.

Defendant requests a hearing which the Court will deny.[2]

■ The Court will allow the depositions. First, the rationale for prohibiting the customer depositions has been substantially reduced because at least four of the customers are now aware of this lawsuit. Their employees filed affidavits at defendant's request. Defendant rightfully blames plaintiff for this situation for having "let the cat out of the bag" when it served notice of the deposition subpoenas on the customers. While plaintiff's action may have been inadvisable, the Court is convinced that plaintiff did not act in bad faith or recklessly so as to deserve a sanction by having to forego the depositions. Nor is the Court dissuaded from allowing the depositions because four of the customers present affidavits indicating that plaintiff will obtain very little from these depositions. The deposition of all seven customers shall be permitted. Motions to prohibit depositions on the grounds that the information has already been obtained in a different form or that the deposition will not reveal much new information are not favored. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2037 (1970). Depositions provide an important crucible for determining whether or not the information has been both fully and accurately revealed through employment of the art of cross-examination. Plaintiff deserves that chance.

defendant's customers. (The Court, as a safety valve, also permitted plaintiff to depose some former employees of the customers.) The deposition of Mr. Spence could corroborate whether or not he in fact made statements to defendant's customers which would be the basis for deposing the customers. The deposition of Mr. Thomson was deemed pertinent since plaintiff indicated he might well admit some of the facts alleged in their complaint. In the meantime, the litigation expanded with the addition of an antitrust counterclaim and the Court entered two major revised discovery scheduling orders. The parties have now deposed Mr. Spence. Mr. Thomson has not been deposed as a result of the changes wrought by the changes by the discovery scheduling orders.

The Court will not require plaintiff to first take the deposition of Eric Thomson. In the

overall scheme of things, his deposition was never that important as a requirement for plaintiff being able to take customer depositions. Because there have been two major changes in the discovery orders in this case which have delayed the Thomson deposition, the Court hereby deletes the Thomson deposition as a requirement for plaintiff taking the depositions of defendant's customers.

2. In particular, defendant expresses the additional concern that plaintiff seeks to depose all of its Oklahoma customers. The Court is of the opinion that a hearing to present arguments is not necessary. Even considering all of the matters advanced by Valutech, and accepting the argued facts, they are not sufficient to justify prohibiting the depositions of the seven customers sought by plaintiff.

■ By requiring plaintiff to make a *prima facie* showing in order to conduct the discovery, the Court did not intend the threshold over which plaintiff must climb to be a steep one. The Court need not disagree with defendant's contention that plaintiff has made a minimal *prima facie* showing, because it is nevertheless sufficient.

■ In seeking to prevent plaintiff from deposing any of its customers, defendant faces a heavy burden. Courts are extremely hesitant to prohibit the taking of a discovery deposition and most requests of this nature are denied. 8 C. Wright, A. Miller & F. Elliott, *Federal Practice and Procedure* § 2037, at 135 (1988 Supp.); *Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C.1987)—(collecting cases). Defendant's request that its customers not be deposed is tantamount to a motion for a protective order pursuant to Fed.R.Civ.P. 26(c)(1) that discovery not be had. In order to obtain a Rule 26(c) protective order, defendant must establish good cause. Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir.1985). In short, the Court must weigh the need for the information versus the harm in producing it. Protective orders may be granted for a wide variety of purposes, such as to preserve confidential information and to protect against annoyance, embarrassment, oppression, and undue burden (*see* Rule 26(c)), including to prevent harassment[3] or endangering someone's life.[4]

In order to obtain a protective order prohibiting a deposition, the proponent must convince the Court that the information sought by the deposition lacks relevance to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the informa-

tion. In making this decision, the Court may examine the existence and availability of any satisfactory alternative means for obtaining the information. *See Centurion Indus. v. Warren Steurer and Assoc.*, 665 F.2d 323 (10th Cir.1981)—(trade secret); *Medlin v. Andrew*, 113 F.R.D. at 653. The need for the information is a function of its relevancy, which in turn is construed more broadly for purposes of discovery and is not tied to admissibility. Fed.R.Civ.P. 26(b)(1); *Centurion Indus. Inc. v. Warren, supra*, at 326. Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

Turning to the instant case, only in extraordinary situations would our judicial system countenance a ban on all discovery from witnesses who possess relevant information. Defendant's request is even more unusual in that it essentially seeks the ban for the purpose of keeping knowledge of this entire lawsuit confidential with respect to its business customers. It is one thing to request that specific information be withheld on grounds of confidentiality. It is quite another matter to curtail legitimate discovery in order that knowledge of an entire lawsuit be concealed from the public or even a segment of the public. The Court would be hesitant to grant such a far reaching and sweeping request. Second, the legendary problem of keeping knowledge a secret in the Garden of Eden is an ever present one to this day. The news of this lawsuit has likely permeated the financial community within which both plaintiff and defendant Valutech operate and, therefore, has reached both of their customers. The Court would not be inclined to enter such an obstructive protective order when the chances of it being effective are rather minimal.

Turning to the specific factors defendant must satisfy in order to obtain a protective

3. *Rosanna Knitted Sportswear v. Lass O'Scotland,* 13 F.R.D. 325, 326 (S.D.N.Y.1952).

4. *Zwack v. Kraus Bros. & Co.,* 237 F.2d 255 (2d Cir.1956)—(danger to plaintiff's brother from foreign government); *Medlin v. Andrew,* 113 F.R.D. 650 (M.D.N.C.1987)—(medical grounds showing danger to plaintiff's health if compelled to endure deposition).

order, the Court finds defendant's showing comes up short. Defendant Valutech has not established that the depositions could not produce any relevant information. It can only offer alternative sources via its customers' affidavits and its own files in an effort to substantiate that the depositions likely will not reveal any new or useful information. However, this showing is not entirely satisfactory, as previously discussed, because it denies plaintiff the right to probe for the truth through deposition discovery. Also, defendant has not verified that the likely harm to its business reputation outweighs plaintiff's need for the information. The requirement of substantiation is even greater in this case due to the unusual nature of defendant's request. Defendant's contentions of harm remain conclusory, void of specific details, and are not backed by evidentiary proof. Defendant fails to establish with particularity, a sufficient likelihood of harm to it should the depositions proceed and a corresponding lack of need for, or relevance of, the depositions. Its offer of alternative sources for the information does not sufficiently compensate for the inadequacy so as to alter the balance.

IT IS THEREFORE ORDERED that plaintiff's motion to take the depositions of the seven corporations set out in its motion is hereby granted, and defendant's implied request for a protective order barring said depositions is denied.