**BARON FINANCIAL CORPORATION, Plaintiff,**

v.

**Rony NATANZON, et al., Defendants.**

No. SKG–03–3563.

United States District Court, D. Maryland.

Dec. 13, 2006.

---

David B. Goldstein, Daneker, McIntire, Schumm, Prince, Goldstein, Manning and Widmann, Baltimore, MD, for Plaintiff.

Robert B. Levin, Paul Mark Sandler, Shapiro, Sher, Guinot and Sandler, Andrew Jay Graham, John Augustine Bourgeois, Max Higgins Lauten, Kramon and Graham, Larry Lee Puckett, Jr., Eccleston and Wolf PC, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

GAUVEY, United States Magistrate Judge.

Pending before the Court is Non–Party Witness Stuart R. Rombro's Motion for Protective Order. The issue is fully briefed and a telephone conference was held before the Court on December 12, 2006. For the reasons discussed below, the Court hereby DENIES Mr. Rombro's motion.

## I. Background

On December 15, 2004, Baron Financial Corporation ("Baron" or "plaintiff") filed a Second Amended Complaint ("2004 Matter") against Rony Natanzon ("Mr.Natanzon") and several other defendants including ERN Acquisition, LLC ("ERN") and Stuart R. Rombro ("Mr.Rombro") in the above-captioned case. (Paper No. 15). Mr. Rombro was specifically named as a defendant in Counts II, III, IV, V, VI, VII, VIII, and IX of the complaint. *Id.* On July 22, 2005, Judge William D. Quarles, Jr. ("Judge Quarles") issued an order dismissing the complaint as to Mr. Rombro. (Paper No. 72). Judge Quarles also dismissed a variety of the counts contained in plaintiff's Second Amended Complaint including Counts VI, VII, and VIII, which contained allegations of intentional in-

terference and civil conspiracy to interfere with plaintiff's UCC Contractual Relations by Mr. Natanzon and Mr. Rombro.[1] (Paper No. 15, ¶¶ 109–141; Paper No. 72).

Mr. Natanzon and other existing defendants in the 2004 Matter filed a Motion for Summary Judgment on the remaining counts of plaintiff's Second Amended Complaint on September 5, 2006. (Paper No. 110). The Court is awaiting plaintiff's response to this motion, which is due on December 18, 2006. Recently-submitted papers to the Court indicate that, as part of discovery in this case, plaintiff seeks to depose Mr. Rombro, formerly the attorney for ERN, Mr. Natanzon, and other corporate defendants. (Paper No. 15, ¶ 11; Paper No. 117; and Paper No. 118). Mr. Rombro states that at no point during efforts to schedule this deposition was his counsel informed by plaintiff's counsel that a new complaint against Mr. Rombro was filed or about to be filed. (Paper No. 117, p. 2).

On October 10, 2006, plaintiff filed a new action against Mr. Rombro: *Baron Financial Corp. v. Stuart R. Rombro,* docketed as WDQ–06–2655 ("2006 Matter"). In its complaint ("2006 Complaint"), plaintiff alleges that Mr. Rombro filed a UCC Financing Statement Amendment that in effect terminated Baron's UCC Financing Statement and its perfected security interest in ERN's merchant accounts with Concord EFS, Inc.[2] (2006 Complaint). When he is served with the complaint in the 2006 Matter, Mr. Rombro intends to file "a motion to dismiss or a motion for summary judgment based on the doctrines of *res judicata* and collateral estoppel." (Paper No. 117, p. 3). Before doing so, however, Mr. Rombro is seeking a protective order from the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, staying all discovery against him until either such time as the 2006 Matter is dismissed or consolidated with the 2004 Matter.[3] *Id.*

---

1.  Count VII specifically alleged conversion on the part of Mr. Natanzon and Mr. Rombro. (Paper No. 715, ¶¶ 118–126).

2.  Specific allegations are breach of duty of care and intentional and malicious interference with Baron's economic relations. (2006 Complaint, ¶¶ 14–21).

3.  As per the requirements of Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 104.7, Mr. Rombro's counsel has attached to the pending Motion for Protective Order a certification detailing communications between himself and Mr. Rombro's counsel regarding Mr. Rombro's deposition and their failed attempts to resolve any differences regarding same. (Paper No. 117, Attachment No. 1).

## II  Analysis

In his Motion for Protective Order, Mr. Rombro argues that plaintiff filed the 2006 Matter solely to harass him with the same allegations dismissed by Order of this Court more than a year ago. (Paper no. 117, p. 3). He contends that plaintiff's efforts to depose him regarding the 2004 Matter are in fact a "fishing expedition to prop up allegations contained in the 2006 Matter[,]" and an attempt to "sidestep" the Court's July 22, 2005 Order. *Id.* at 4. In Mr. Rombro's view, he should not be subject to deposition until there is clarity regarding whether he is being deposed as a party-opponent or a non-party witness. *Id.* at 5. A temporary stay is proper, according to Mr. Rombro, given his intentions to file a motion that will dispose of all claims against him. *Id.*

Plaintiff counters that Mr. Rombro has provided no factual or legal basis for the "indefinite protective order" he is requesting. (Paper No. 118, p. 8). It argues that neither Mr. Rombro's "conclusory speculation" as to how he may proceed in the 2006 Matter nor his surprise at plaintiff's filing of that matter constitute the good cause needed to avoid answering deposition questions. *Id.* at 3–5. Plaintiff further maintains that Mr. Rombro will be deposed as a non-party witness and questioned about ERN and Mr. Natanzon's actions at issue in the 2004 Matter. *Id.* at 2, 6–7. As part of its response, plaintiff requests the Court to compel Mr. Rombro to appear for deposition within five days of any order denying his Motion for Protective Order. *Id.* at 8.

■ Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") provides that, upon a showing of good cause, "the court in the district where [a] deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" In order to establish good cause, a proponent may not rely upon "stereotyped and conclusory statements," but must present a "particular and specific demonstration of fact," as to why a protective order should issue. Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2035 (1994) (citations omitted) [hereinafter Wright

& Miller]; 10 Fed. Proc., L.Ed. § 26:181 (last updated June 2006) (citations omitted). *See also Merit Industries, Inc. v. Feuer*, 201 F.R.D. 382, 384–385 (E.D.Pa.2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (burden of demonstrating good cause is a heavy one) (citation omitted). He must demonstrate that the discovery sought lacks relevance "to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information." *UAI Technology, Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (defining relevant information broadly as any matter that bears on or could bear on "any issue that is or may be in the case") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); 10 Fed. Proc., L.Ed. § 26:191 (last updated June 2006) (citations omitted).

■ Although its good cause requirement creates a rather high hurdle for proponents, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. U.S.*, 55 F.Supp.2d 360, 366 (D.Md.1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)); Wright & Miller § 2036 (citations omitted). Nonetheless, protective orders "should be sparingly used and cautiously granted." *Medlin*, 113 F.R.D. at 652. This is especially the case with requests to stay depositions, the majority of which courts deny. *Id.* (citations omitted). *See also* Wright & Miller § 2037 (citing in part *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C.1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.")); 10 Fed. Proc., L.Ed. § 26:191 (an "order to vacate a notice of taking a deposition is generally regarded by the courts as both unusual and unfavored"). A court may, within its discretion, issue a Rule 26(c) protective order "to stay discovery pending determination of a dispositive motion[.]" *Tilley v. U.S.*, 270

F.Supp.2d 731, 734 (M.D.N.C.2003); 2 Discovery Proceedings in Federal Court § 20:4 (3d ed., last updated Aug. 2006) (citations omitted). However, it should generally not do so if discovery is needed in defense of the motion, *Tilley,* 270 F.Supp.2d at 734 (citations omitted), or if "resolution of the motion will not dispose of the entire case." *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C.1988) (citing *Lugo v. Alvarado,* 819 F.2d 5 (1st Cir.1987)); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 3 (D.D.C.2001) (quoting *Keystone Coke Co. v. Pasquale,* No. CIV. A. 97–6074, 1999 WL 46622, at *1 (E.D.Pa.1999)).

■ In the instant matter, the Court agrees with plaintiff that Mr. Rombro has not met his burden of showing the good cause required to stay his deposition nor demonstrated that any harm he may suffer from being deposed outweighs plaintiff's interest in questioning him. Given his prior position as counsel to ERN and Mr. Natanzon, among others, his answers to deposition questions regarding the activities of ERN and Mr. Natanzon are highly relevant to the 2004 Matter and represent legitimate areas of inquiry. *Cf. Tilley,* 270 F.Supp. At 735 ("if the discovery sought has no bearing on an issue of material fact, a protective order is proper").

It should also be noted that under the Rules, plaintiff has no obligation to serve the complaint in the 2006 Matter at this time. Counsel agreed in the hearing that Mr. Rombro could have filed a motion to dismiss notwithstanding lack of service in the 2006 Matter, and of course, may do so at any time. Further, neither counsel stated any intention to move to consolidate the 2004 and 2006 Matters at this time. Therefore, the Court finds that Mr. Rombro's intentions to file a dispositive motion in the 2006 Matter are presently too speculative and attenuated to merit an indefinite stay of discovery in the 2004 Matter. The granting of a motion to dismiss or a motion for summary judgment in the 2006 Matter, a case in which Mr. Rombro has yet to be served, will have no direct effect on the case in which discovery is sought. In other words, a resolution in the 2006 Matter will not dispose of *any* part of the 2004 Matter, let alone that *entire* case. *See, e.g., Simpson,* 121 F.R.D. at 263.

Finally, in addition to its consideration of the majority view disfavoring the stay of depositions, this Court is very cognizant of the need to expedite discovery in the above-captioned case. *Kron Medical Corp. v. Groth,* 119 F.R.D. 636, 637–638 (M.D.N.C. 1988) (the court has a "responsibility to expedite discovery and minimize delay" when assessing motions for protective orders) (citations omitted). Not only is the April 30, 2007 trial date for the 2004 Matter fast approaching, but the discovery deadline is March 1, 2007, and a settlement conference is scheduled for March 29, 2007. (Papers Nos. 113 and 114). It is in the best interests of the parties, as well as this Court, to make every effort to resolve this case filed over three years ago, and the Court believes that requiring Mr. Rombro to provide deposition testimony is an important element of achieving that resolution. *See* 2 Discovery Proceedings in Federal Court § 20:4 (3d ed.) (last updated Aug. 2006) (stay of discovery may be improper where court determines that granting it "would not serve the interest of the just and speedy administration of [a] lawsuit") (citing *Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356 (E.D.N.Y.1991)).

Despite not granting Mr. Rombro's Motion for Protective Order, the Court does appreciate his suspicions that, in light of the filing of the 2006 Matter and the allegations contained therein, efforts to depose him regarding the 2004 Matter suggest a "fishing expedition" for the 2006 Matter. *Cf. Gray v. First Winthrop Corp.,* 133 F.R.D. 39 (N.D.Cal.1990) ("a stay may be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' "). However, the fact that the Court is not willing to grant Mr. Rombro's motion at the present time does not leave him entirely unprotected; should the need for protection arise during the deposition itself, Mr. Rombro may make—and this Court will certainly entertain—a motion pur-

suant to Federal Rule of Civil Procedure 30(d).[4] *Id.* § 2037 (citations omitted).

The Court is allowing plaintiff to depose Mr. Rombro based on the following requirements:

1. The deposition of Mr. Rombro shall take place no later than Friday, January 5, 2007. However, the Court strongly encourages the parties to make their best efforts to schedule the deposition as soon as possible.

2. Three days prior to the deposition, plaintiff's counsel shall make available to all parties and the Court a list of subject areas to be covered in the deposition.

3. The deposition of Mr. Rombro shall not exceed eight hours. The Court urges plaintiff to exercise discretion in this regard; Mr. Rombro should be deposed only for the amount of time that is necessary.

4. Counsel shall advise the Court of the scheduled deposition date, and the Court will endeavor to be available by telephone should any issues arise during the course of the deposition.

5. Plaintiff may file a sur-reply to defendants' Motion for Summary Judgment based solely on Mr. Rombro's deposition testimony. This sur-reply is due within 10 days of the date of the deposition. Plaintiff must inform the Court and defendants of its intent to file any sur-reply within 5 days of the deposition.

Both in its response to plaintiff's Motion for Protective Order and during the telephone conference held before this Court, plaintiff raised the question as to whether all non-privileged documents had been made available to its counsel. (Paper No. 118, pp. 1–2, 7). Plaintiff should pursue this issue by January 5, 2007, or the Court will consider it waived.

### III. *Conclusion*

For the foregoing reasons, Stuart R. Rombro's Motion for a Protective Order is hereby DENIED. The deposition of Mr. Rombro is to proceed as indicated above.

---

4. Rule 30(d)(4) of the Federal Rules of Civil Procedures states in relevant part that,

    [a]t any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).... Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order.