Agnes, Peter W., J.
1. In this motion, the plaintiff and third-pariy defendant seek a protective order to prevent or limit the scope of any deposition of D’Von Hughes, the principal witness to the events underlying this action. On September 11, 2002, Tyler Michael Hughes, age two, fell out of a window in his apartment and died. The plaintiff, as Administrator of the child’s estate, filed this action against the manufacturer, distributor, and retailer of the window, claiming that Tyler Hughes fell because the window was defective. The defendants named Tyler’s mother, Yajaira Hughes, as a third-party defendant, claiming that her negligent supervision was the actual cause of Tyler’s death. D’Von, Tyler’s brother, was the only person who saw Tyler fall. At the time of the accident, D’Von was five years old; he is now ten years old.
2. Under Mass.R.Civ.P. 26(c), the Court may, “for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, of undue burden or expense, including one or more of the following: (1) that discovery not be had; (2) that discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery ...”
3. This Court has previously recognized that the deposition of a young child may require special procedures to minimize the stress experienced by the child. For example, in Rothenberg v. Bright Horizons Children’s Centers, 1999 WL 959613 (Mass.Super. 1999) (Borenstein, J.), the Court ordered the parties to develop a set of rules to govern the deposition of a child that were designed to minimize the stress on the child. See also White v. Raytheon, 2002 WL 389538 (Mass.Super. 2002) (Houston, J.) (court ordered an independent, psychiatric evaluation of an elderly deponent to determine the effect of deposition on her mental health). Courts interpreting Federal Rule 26(c), which is virtually identical to the Massachusetts rule, have held that a protective order preventing an oral deposition is rarely appropriate. See Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987); Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); In re McCorhill Publishing, Inc., 91 B.R. 223, 225 (Bankr.S.D.N.Y. 1988). Circumstances that warrant an order preventing a deposition are generally those that pose a direct threat to the deponent’s life. See Frideres v. Schlitz, 150 F.R.D. 153, 158 (S.D.Iowa 1993) (deponent’s Crohn’s disease presented risk of death by stress-induced hemorrhage); U.S. v. Mariani, 178 F.R.D. 477, 451 (M.D.Penn. 1998) (motion for protective order granted in a criminal proceeding where deponent had severe coronary artery disease and congestive heart failure; stress of deposition was likely to cause death).
*57 4. Here, D Voris counselor states that questions about Tyler’s death would likely increase his level of anxiety and possibly lead to a “post traumatic response.” While these are significant risks that must be taken into account, the Court is not satisfied that the concerns expressed by the child’s counselor are sufficient to justify an order precluding DVon’s deposition.[4] However, the risk to DVon’s mental health does warrant the placement of reasonable restrictions on the manner in which D’von is deposed. The parties are therefore ordered to confer and develop a set of rules that will govern DVon’s deposition, to be submitted for the Court’s approval. In creating those rules, the parties are invited to consider, among other factors: (1) where the deposition is held; (2) the length of the deposition: (3) who shall be present at the deposition (e.g., DVoris mother, counselor, etc); (4) the possibility of breaks as necessary to accommodate D’von’s reasonable needs; (5) the option to suspend the deposition in the event of an emergency; (6) previewing the questions to be asked at the deposition; and (7) the taking of DVon’s deposition via audio visual means pursuant to Mass.RCiv.P. 30A.

ORDER

It is hereby ORDERED that the motion for a protective order is DENIED, and the defendants may take the deposition of DVon Hughes, subject to the guidelines set forth above.

The counselor, a Licensed Social Worker, submitted an affidavit dated November 29, 2006. She stated that when she talked to D’von about answering questions about his brother’s death, he became agitated and said he didn’t remember much. He also said he didn’t want to talk about his brother’s death. The counselor opined that such questioning would be of little value and pose potential risks to DVon including nightmares, re-traumatization, and increased difficulty functioning. That opinion is not accompanied by any medical or psychological evaluation of DVon, and not based on any other insights into his condition that the counselor gained as a result of treatment that may have been provided to DVon. The counselor’s opinion is, therefore, essentially one that simply mirrors the views of the child who understandably wishes to avoid revisiting the painful subject of his brother’s death.