Leon SEGAN, Plaintiff-Appellant,

v.

DREYFUS CORPORATION et al.,
Defendants-Appellees.

No. 385, Docket 74–1012.

United States Court of Appeals,
Second Circuit.

Submitted March 12, 1975.

Decided March 28, 1975.

Kaplan, Kilsheimer & Foley, New York City, Dermot G. Foley, New York City, of counsel, for plaintiff-appellant.

Rogers & Wells, New York City, Stanley Godofsky, Mary C. Daly, New York City, of counsel, for defendants-appellees Dreyfus Corp., Stein, Johnson, Smerling and Greene.

Sullivan & Cromwell, New York City, William E. Willis, New York City, of counsel, for defendant-appellee Marine Midland Banks, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Simon H. Rifkind, Edward N. Costikyan, Allyne R. Ross, New York City, of counsel, for defendants-appellees Lazard Freres & Co., Rohatyn and Meyer.

Coudert Brothers, New York City, Joseph A. McManus, Anthony Williams, New York City, of counsel, for defend-

ant-appellee Dreyfus Marine Midland Management Corp.

John H. Schafer, III, Charles E. Lister, Washington, D. C.; Lawrence M. McKenna, New York City, for defendant-appellee International Telephone and Telegraph Corp.

Before MOORE, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

Plaintiff Leon Segan appeals from the dismissal of his amended complaint without prejudice by the United States District Court for the Southern District of New York, John M. Cannella, J. The basis of dismissal was plaintiff's failure to comply with an earlier order, from which he also appeals, which directed him to file a more definite statement.[1] Plaintiff brought suit derivatively on behalf · of defendant Dreyfus Fund, Inc. The amended complaint alleged that the other defendants had, since 1969, engaged in a course of conduct involving fraudulent, deceptive and manipulative practices in which they used their fiduciary control over purchasing power of the Fund to secure business opportunities inuring to their benefit rather than to the Fund's. Although the complaint is long, it alleges specific facts with respect to only one transaction, involving ITT stock, which plaintiff asserts is "typical" of the fraudulent "course of conduct."

■ Defendants argue that if Segan seeks to proceed on a "course of conduct" theory, the specific allegation of only one fraudulent transaction does not state "with particularity" "the circumstances constituting fraud." Fed.R. Civ.P. 9(b). We agree. In Felton v. Walston & Co., 508 F.2d 577 (2d Cir. 1974), we recently affirmed the dismissal of a complaint against some defendants about whom there were only bare conclusory allegations of fraud, 508 F.2d at 581; we reversed dismissal as to other defendants regarding whom the complaint specified "the agreements and amounts involved in the alleged misrepresentation," id., and alleged "specific acts and omissions . . . which . . . might . . . constitute fraudulent conduct . . . ." 508 F.2d at 582. Segan's complaint identifies only one transaction in a scheme claimed to stretch over several years. It utterly fails to comply with Rule 9(b).

■ In an apparent effort to uncover other fraudulent transactions, Segan sought discovery, before filing a more definite statement, of virtually the entire business history of defendants for a period of several years. Predicated on an allegation of a single fraudulent transaction, plaintiff's interrogatories constituted a fishing expedition of large proportions. Judge Cannella properly denied the motion for discovery. See Segal v. Gordon, 467 F.2d 602, 609 (2d Cir. 1972); Spiegler v. Wills, 60 F.R.D. 681, 683 (S.D.N.Y.1973).

■ Finally, plaintiff claims that he actually has information about other fraudulent transactions but that forcing him to disclose it would violate the work-product doctrine and would identify a confidential informant. These arguments are specious. The drafting and filing of any complaint necessarily leads to some disclosure of counsel's work product. When the complaint alleges fraud, Rule 9(b) requires that somewhat more of counsel's investigative efforts be revealed so that the number of unfounded "strike suits" is minimized and defendants are protected "from the harm that comes to their reputations or to their goodwill when they are charged with serious wrongdoing." Segal v. Gordon, supra, 467 F.2d at 607. A suit charging fraud may not be based on facts so secret that the defendants cannot be told what they are. See Felton v. Walston & Co., supra, 508 F.2d at 581.

If plaintiff wishes to proceed with an action based only on the ITT transaction, the dismissal without prejudice leaves him free to do so. Similarly, if plaintiff

---

1. The judge also denied plaintiff's motion for further discovery.

is willing to identify specifically other transactions and to explain how they constitute fraud, a complaint based on a course of conduct might be upheld.

Affirmed.