Robert T. HOWARD, David L. Kuhns, Morton S. Robson and Wake L. Warthen, Plaintiffs,

v.

Francesco GALESI, Defendant.

No. 83 Civ. 9078 (SWK).

United States District Court, S.D. New York.

Sept. 4, 1985.

Weil, Gotshal & Manges by Kenneth L. Steinthal, New York City, for plaintiffs.

Shea & Gould by Herbert B. Evans, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The defendant in this securities action moves for a protective order pursuant to Fed.R.Civ.P. 26(c), seeking an interim stay of discovery until this Court renders a decision on the defendant's pending motion to dismiss the complaint for failure to state a claim and for failure to plead fraud with sufficient particularity pursuant to Fed.R. Civ.P. 9(b) and 12(b)(6). For the reasons stated below, the defendant's motion is denied.

### –FACTUAL BACKGROUND–

The plaintiffs owned various amounts of stock in Citicom Broadcasting Corporation ("Citicom"), which owned a significant block of stock in Allstar Satellite Network, Inc. ("Allstar"). The defendant, Francesco Galesi, was the controlling shareholder of Allstar. Allstar in turn, owned 88% of United Satellite Television ("USTV"), which became United Satellite Communications, Inc. ("USCI").

The plaintiffs allege that starting in mid-1982, the defendant began negotiating with the plaintiffs, seeking to purchase their Citicom stock. Throughout these negotiations, the defendant allegedly made a variety of affirmative misrepresentations regarding, *inter alia*, the value of the Citicom stock, the financial condition of Allstar and USCI and the existence of potential third-party investors. By these misrepresentations, the defendant allegedly induced the plaintiffs to sell their stock to him at a deflated price of $900,000.00 in February, 1983.

After plaintiffs sold the stock to the defendant, the Prudential Insurance Company of America ("Prudential") agreed to invest $45,000,000.00 in USCI for a 40% interest in USCI, thereby significantly increasing the value of the Citicom stock. The plaintiffs allege that while the defendant was negotiating with the plaintiffs, he was simultaneously involved in negotiations with Prudential regarding this acquisition and failed to disclose this to the plaintiffs. The plaintiffs allege that they sustained damages of at least $17,290,000.00 since the value of the Citicom stock rose sharply after the Prudential investment.

### –PROCEDURAL HISTORY–

The action was commenced in this Court in December, 1983. Along with the complaint, the plaintiffs served a First Request for Production of Documents upon the defendant, as well as a Notice of Deposition with an accompanying Document Production Request upon Prudential. On February 7, 1984, the defendant moved to dismiss the plaintiffs' claims for failure to plead the fraud claim with particularity and for failure to state a claim.[1] The plaintiffs' attorneys agreed to postpone discovery un-

---

1. The motion to dismiss has not been fully submitted. It is stayed pending the disposition of the present motion.

til the instant motion for a stay of discovery was decided.

## –DISCUSSION–

The defendant seeks this stay pursuant to Fed.R.Civ.P. 26(c), which provides:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

■ Preliminarily, courts do not generally grant protective orders without a strong showing of "good cause". *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir.1982). And the burden of establishing "good cause" lies with the party seeking the protective order. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2035, at 264–65 (1970).

The plaintiffs allege that the defendant has failed to satisfy the statutory hurdles of Rule 26(c). I agree. There is no indication that the defendant will suffer any harm warranting the imposition of a protective order as a result of the plaintiffs' discovery requests. In short, "good cause" has not been shown.

■ First, since the Notice of Deposition and accompanying Document Production Request was served upon Prudential, the defendant cannot realistically claim that he needs protection.[2] Prudential has not objected to the requested discovery, and in fact, is "ready and willing" to comply. *See*, Affidavit of Kenneth L. Steinthal, Esq., sworn to on April 4, 1984 at ¶ 8. Additionally, the defendant contends that he should not have to participate and monitor plaintiffs' discovery from Prudential. *See*, Affidavit of Herbert B. Evans, Esq.,

sworn to on March 2, 1984 at ¶ 21. This does not constitute "good cause" warranting the issuance of a protective order.

Second, the Document Request served upon the defendant is not burdensome or overreaching.[3] The defendant does not argue that responding to this request will present any particular difficulties. Instead, the defendant argues that the document request is premature and should await this Court's decision on the pending motion to dismiss. This argument is similarly unpersuasive.

■ The crux of the defendant's argument is that courts in this Circuit preclude discovery until a valid complaint has been pleaded. In making this argument, the defendant has assumed that the underlying motion to dismiss will be successful. While the Court does not suggest that the defendant's motion will be denied, it is not persuaded that the granting of this motion is inevitable.[4]

The cases relied upon by the defendant in support of this argument are inapplicable to the present setting. These cases preclude discovery in instances where the Court has already ruled that the complaint is defective. For example, *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111 (2d Cir. 1982) was an appeal from an order dismissing the plaintiffs' amended complaint for failure to allege fraud with particularity pursuant to Fed.R.Civ.P. 9(b). There, the Second Circuit affirmed the dismissal of a substantial part of the complaint, which was "[an] everything but the kitchen sink" type of pleading. *Id.* at 114. Accordingly, the Court, *in dicta*, stated that the plaintiff should be precluded from embarking on a "long and expensive discovery process in

---

**2.** A movant may seek a protective order with respect to a discovery request served upon a third party if the movant's interests are jeopardized by the third party's compliance with the discovery request. However, the defendant has not provided adequate support for this argument.

**3.** The plaintiffs seek documents for a limited time period: December 1, 1981 to December 14, 1983. All documents requested specifically relate to the allegations in the complaint.

**4.** Moreover, even if the underlying motion to dismiss is granted, the plaintiff may be able to amend the complaint, stating the allegations with greater particularity.

the hope of uncovering some sort of wrong-doing". *Id.* at 116.

Similarly, *Segan v. Dreyfus Corporation*, 513 F.2d 695 (2d Cir.1975) was an affirmance of an order dismissing the plaintiffs' amended complaint for failure to comply with Rule 9(b). There, after alleging one fraudulent transaction, the plaintiffs sought discovery of "virtually the entire business history of defendants" for a several year period which constituted a "fishing expedition of large proportions". *Id.* at 696. The Second Circuit ruled that the district court properly denied the plaintiffs' discovery motion. *Id.; see also, Segal v. Gordon*, 467 F.2d 602 (2d Cir.1972) (affirmance of judgment dismissing complaint for failure to comply with Rule 9(b)); *American Com. Ass'n, Local 10 v. Retirement Plans, Etc.*, 488 F.Supp. 479 (S.D.N.Y.), *aff'd*, 646 F.2d 559 (2d Cir.1980) (order dismissing amended complaint pursuant to Rule 12(b)(6) ); *Denny v. Barber*, 73 F.R.D. 6 (S.D.N.Y.1977), *aff'd*, 576 F.2d 465 (2d Cir.1978) (complaint dismissed pursuant to Rule 9(b) and 12(b)(6) ). Thus, none of the cases cited by the defendant involve a stay of discovery pending the disposition of a motion to dismiss. Rather, these cases note the dangers of discovery in cases where pleadings have been found to be deficient.

This is not to say that courts cannot preclude parties from making futile discovery requests. *See e.g., Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (discovery prohibited where lack of personal jurisdiction was evident); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981) (discovery prohibited where plaintiff failed to produce *any* specific facts to support his conspiracy allegation); *Segan v. Dreyfus Corporation*, 513 F.2d 695 (2d Cir.1975) (discovery precluded where plaintiffs embarked on a fishing expedition).

However, the plaintiffs' discovery request is not futile. It is sufficiently limited in scope and does not involve a "fishing expedition." Moreover, the pending motion to dismiss is not necessarily dispositive since it concerns the particularity of the pleadings, which may be amended.

The plaintiffs' two discovery requests are not unreasonable. All proper discovery requests should go forward. The defendant's motion for a protective order staying discovery is DENIED.

SO ORDERED.