**Bobby S. SIMPSON, on his own behalf and on behalf of a class of other persons similarly situated, Plaintiff,**

v.

**SPECIALTY RETAIL CONCEPTS, INC., Alan R. Kleinmaier, David N. Kleinmaier, C. Banks Finger, Stuart F. Vaughn and Deloitte Haskins & Sells, Defendants.**

**No. C–88–100–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Aug. 15, 1988.

Norman B. Smith, Marion G. Follin, III, Martha A. Geer, Greensboro, N.C., for plaintiff.

Robert A. Singer, James T. Williams, Jr., Mack Sperling, Greensboro, N.C., for Deloitte Haskins & Sells.

William D. Spry, Jr., David C. Smith, John O. Van Vandt, III, Winston–Salem, N.C., for Stuart F. Vaughn.

Norman Sloan, Specialty Retail Concepts, Inc., Winston–Salem, N.C., for Specialty Retail Concepts, Inc.

George S. Thomas, Wesley Bailey, Winston–Salem, N.C., for Allen R. and David N. Kleinmaier.

Weston P. Hatfield, Winston–Salem, N.C., for C. Banks Finger.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on motion of defendants Stuart Vaughn and Deloitte Haskins & Sells to quash the deposition of R. Gary Muller.[1] Mr. Muller has been dismissed as a defendant from this lawsuit. He is a former officer of defendant Specialty Retail Concepts, Inc. Plaintiff's complaint alleges securities fraud and seeks to include similarly situated persons by certifying a class of plaintiffs pursuant to Rule 23, Fed.R.Civ.P.

Mr. Muller is expected to testify on matters pertinent to the merits of plaintiff's claim, *i.e.* the financial condition of defendant Specialty Retail Concepts, Inc. and plaintiff's claims of alleged misstatements

---

[1] The undersigned received the matter for disposition one day prior to the time set for the deposition. The Court orally informed the parties of its decision. This memorandum order follows. Defendants indicate that they have also filed motions to stay all discovery in this matter pending resolution of their motions to dismiss the amended complaint or in the alternative to limit any discovery to matters relating to plaintiff's request for class action certification. While the general motions have the same purpose as the instant one and are relevant to it, they are not available at present for ruling on them.

and omissions regarding that financial condition. Defendants do not expect that the testimony would bear on the class action issue. Defendants request that the Court issue a protective order pursuant to Rule 26(c), Fed.R.Civ.P., quashing the deposition subpoena and staying all discovery pending ruling on their motions to dismiss the complaint for failure to state a claim or in the alternative to limit the deposition to issues pertinent to certifying the class.

■ A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. *Petrus v. Bowen,* 833 F.2d 581 (5th Cir.1987). *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)—(discovery may be stayed to determine the dispositive issue of immunity of government officials). Motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., and the moving party bears the burden of showing good cause and reasonableness. *Howard v. Galesi,* 107 F.R.D. 348 (S.D.N.Y.1985). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C.1988). As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case. *Lugo v. Alvarado,* 819 F.2d 5 (1st Cir.1987). Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion. *Wilderness Soc. v. Griles,* 824 F.2d 4 (D.C. Cir.1987); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550 (11th Cir.1985).

In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

■ In the instant case, the sole motion before the Court concerns the deposition of a third party.[2] This individual will provide relevant testimony concerning the merits of the action. The third party does not object to the discovery. The Court does not find this discovery to be unduly burdensome or expensive and, therefore, a stay cannot be justified on such grounds.

■ Next, the Court does not, at this point, perceive an immediate and clear possibility that the motions to dismiss will be granted and that this will terminate the action. Plaintiff points out that defendants' motions mainly attack the alleged lack of specificity of the fraud allegations and even if granted, this defect could be corrected by amending the complaint. A request to stay discovery pending resolution of a motion to dismiss the complaint for failure to state a claim will be denied where resolution of the pending motion is not necessarily dispositive because the pleadings may easily be amended to correct the deficiencies. *Howard v. Galesi, supra.*

■ Finally, the Court does not find that the deposition should be limited to matters involving the class action issue. The mere filing of a complaint seeking class action treatment does not justify staying all discovery except that which strictly relates to the class action issue; thereby precluding discovery on the merits. The instant case involves allegations of fraud and the deposition goes directly to the heart of that issue. Even if a class is not certified, the information will be relevant to the individual claim of plaintiff. Moreover, it appears that Mr. Muller has information relevant to the class action issue. Even though a deci-

---

**2.** Defendants argue in their brief for an Order staying all discovery proceedings. However, this Order applies only to the defendants' motions to quash the deposition of R. Gary Muller. *See* n. 1, *supra.*

sion to certify a class does not involve a decision on the merits, the Court needs sufficient information concerning the potential claims of class members in order to identify the character and type of the claims. *See Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d 699 (4th Cir.1976). In a securities fraud action it is essential to know the character and surrounding factual details of the alleged fraud in order to determine whether issues such as reliance, on or knowledge of, misrepresented or omitted facts by the individual class members may be sufficiently distinct so as to preclude certifying a class due to the managerial burden posed by having to make numerous individual determinations. *See Zimmerman v. Bell,* 800 F.2d 386, 391 (4th Cir.1986).

For the foregoing reasons, the Court concludes that the defendants' motions to quash the deposition of R. Gary Muller or to otherwise limit the scope of the deposition should be denied.

IT IS SO ORDERED.