**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**AMERICAN EUROCOPTER LLC, American Eurocopter Corporation and Eurocopter S.A., Defendants.**

**No. 1:03CV949.**

United States District Court, M.D. North Carolina.

March 10, 2005.

Albert M. Myers, III, Jonathan R. Friedman, Thomas J. Strueber, Lord Bissell & Brook, Atlanta, GA, Reid Russell, Thomas

More Buckley, Patterson Dilthey Clay Bryson & Anderson, LLP, Raleigh, NC, for Plaintiff.

Anthony T. Lathrop, Moore & Van Allen, PLLC, Charlotte, NC, Brian R. Faulkner, Domenico C. Perrella, Eric C. Strain, Hugh R. Koss, Nixon & Peabody LLP, San Francisco, CA, for Defendants.

## ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on two discovery motions and one motion for sanctions. The case has been set for trial on this Court's July 2005 master calendar. Discovery ended February 1, 2005. The parties have already filed dispositive motions.

## I.

The first matter the Court will consider is plaintiff's motion that the Court preclude the testimony of defendants' experts or else in the alternative, compel not only expert depositions but the production of expert reports. The parties' proposed Joint Rule 26(f) Report did not specifically include a provision for identification of expert witnesses.[1] It merely called for the production of reports from expert witnesses. It may be that the reason for this is that some discovery had already taken place concerning this matter in a Texas state court.

Plaintiff shows that defendants identified three retained experts and named five other individuals who might render expert testimony. When plaintiff sought to depose these five individuals, defendants allegedly refused to cooperate in scheduling the depositions by claiming that no depositions were required other than those which had already taken place in the Texas litigation because these five witnesses were not retained experts. Plaintiff complains that these individuals were not named as experts in the Texas litigation, nor did they produce expert reports there.

Defendants respond that they would agree to present the testimony of these witnesses through their transcripts, but that plaintiff insisted that defendants designate the testimony which would be offered at trial so that plaintiff could then consider whether additional cross-examination would be necessary. Defendants rejected this offer. Defendants contend that all five witnesses are employees or former employees and lay witnesses. They were identified as expert witnesses as a precautionary measure in case defendants are mistaken about the witnesses' status.

The witnesses are identified as Mr. Webb, the chief pilot for one of the defendants, who would be providing information concerning the technical basis for statements in the helicopter's flight manual concerning the amount of time the aircraft can be operated after a warning comes on in regard to the main gearbox oil pressure. Mr. Previte, a technical advisor for the company, would allegedly testify concerning his involvement and work done in testing of the main gearbox of the aircraft involved in the accident. Mr. Saurman, a quality assurance inspector, would testify concerning the overhaul, testing, and service history of the main gearbox. He would also testify concerning overhaul procedures of this gearbox and any changes in procedure since the accident. Mr. Mercier, head of investigation in the product support unit of defendant Eurocopter, would testify concerning his role in the investigation following the accident. Finally, a Mr. Russell, Eurocopter's Resale Manager, would testify concerning the fair market value of the helicopter involved in the accident.

In defendants' brief, they agree that plaintiff may depose their retained experts, along with Mr. Russell, all of whom have not been previously deposed, but oppose any further deposition of the four previously deposed employees. Defendants further contend that no expert reports are required under Fed.R.Civ.P. 26(a)(2)(B) from the five individuals, and that no further depositions should take place as to four of them because these individuals are lay witnesses.

Defendants need not procure expert reports from persons who were not retained or specially employed to provide expert testimo-

---

1. When the Court's scheduling order does not set the time for the identification of expert witnesses, Fed.R.Civ.P. 26(a)(2)(C) sets the time.

ny; nor, as to employees who do not have duties wherein they, with regularity, give expert testimony.[2] Federal Rule Civil Procedure 26(a) provides for three levels of mandatory disclosure. First, Rule 26(a)(1) requires disclosure of all witnesses who likely have discoverable information which a party may use to support a claim or defense. Next, Rule 26(a)(2)(A) requires the additional disclosure of all individuals who will give expert testimony; that is, "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Finally, as to persons who will offer expert testimony, Rule 26(a)(2)(B) requires that any retained expert or any employee who regularly gives expert testimony provide a written report identifying all opinions to be expressed and the basis therefor. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir.), *reh'g denied*, (Feb. 10, 2004).

With respect to Rule 26(a)(1)(A) & (B), subdivision (A) requires that all persons who will give expert testimony be disclosed, not just retained experts or special employees. Subdivision (B) then requires with respect to retained experts or employees who regularly give expert opinions, that an expert report be presented. Thus, the rule itself distinguishes between the various types of expert witnesses. Not all experts are required to prepare an expert report. Rule 26(a)(1)(A) places a duty on a party to know when a witness will be offering an expert opinion and to identify him or her. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir.2004). While defendants state that the five individuals might offer expert testimony, they deny, and plaintiff fails to show, that any of the four witnesses or Mr. Russell are retained experts or employees who regularly provide expert testimony. If this is correct, the expert report provisions of Rule 26(a)(2)(B) do not apply to them. *But see* n. 2, *supra*.

Defendants next contend that the four remaining employees or former employees are lay witnesses and, therefore, because they have already been deposed, this Court should not order their re-deposition. Federal Rule of Evidence 702 allows opinion evidence provided that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." A witness not testifying as an expert may give an opinion under Fed. R.Evid. 701 only if it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Defendants argue that there is a gray area between Fed.R.Evid. 701 and 702, and believe that when an experienced helicopter mechanic, inspector, or pilot, offers an opinion, it is not the sort that can "only be mastered by specialists in the field," and, thus, does not give expert testimony. (Defs.' Br. at 9) Should the Court disagree, defendants admit this would lead to a designation of them as expert witnesses under Fed.R.Evid. 702, and they must be disclosed under Rule 26(a)(2)(A).

In defendants view, there can be considerable uncertainty in knowing whether a witness who offers an opinion must meet the requirements of Rule 702. However, the task is not quite as difficult as defendants purport. For example, the distinction between lay testimony, expert testimony, and retained expert testimony, most often comes to fore in cases where a party wishes to present a treating physician. A treating physician is a participant or fact witness when it comes to describing the diagnosis and treatment of a party's condition. However, because of the physician's specialized training and knowledge, when the physician testifies, he or she testifies as an expert witness. Therefore, the physician must be disclosed as an expert because he or she is relying on "scientific, technical, or other specialized knowledge." *Musser*, 356 F.3d at 757 n. 2. When the treating physician goes beyond the observations and opinions ob-

---

2. The Court has no evidence before it to make a determination as to whether the four individuals regularly provide expert testimony. If, at trial, it should be found that they do, then defendants' failure to provide a Rule 26(a)(2)(B) expert report may well be reason to exclude any opinions

from these individuals. The failure to identify a witness as an expert does not preclude the witness from testifying as a lay witness. *Sowell v. Burlington Northern and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090 (N.D.Ill. Dec. 7, 2004).

tained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report. Some courts suggest that when the treating physician's testimony exceeds the scope of treatment and diagnosis, it ventures into the area of expert testimony wherein a Rule 26(a)(2)(B) report will be necessary. *Musser,* 356 F.3d at 758 n. 3; *see Sowell v. Burlington Northern and Santa Fe Ry. Co.,* No. 03 C 3923, 2004 WL 2812090 (N.D.Ill. Dec. 7, 2004)(testimony by a treating physician as to causation or prognosis is subject to the requirements of Rule 26(a)(2)(B)).

In the instant case, if defendants' witnesses seek to express opinions, they will have to establish a basis for them. If the opinion is not allowed under Fed.R.Evid. 701 as a lay opinion, it will be subject to Fed.R.Evid. 702 because it is based on specialized knowledge, even knowledge based on experience, which is often the case of the treating physician. In that instance, the witness must be identified as an expert. Fed.R.Civ.P. 26(a)(2)(A). And, if the witness offers expert opinions concerning matters beyond the witness' necessary participation in events, the opinions will likely be subject to Rule 26(a)(2)(B).

■ On the other hand, a person with specialized training does not testify as an expert by giving first-hand participant testimony, even though it appears to be expert testimony. *Gomez v. Rivera Rodriguez,* 344 F.3d 103, 113 (1st Cir.2003). In *Gomez,* the mere fact that an individual testified that he gave legal advice did not transform that testimony into a legal opinion which would subject the individual to being denominated as an expert under Fed.R.Civ.P. 26(a)(2)(A). There, the individual was not commenting on the correctness of the opinion, only that it was made. As stated by the court in *Gomez,* 344 F.3d at 113–114, "a party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events. *See Patel,* 984 F.2d at 217–18." Federal Rule of Civil Procedure 26, in conjunction with Fed.R.Evid. 701 and 702, focuses on the substance of the

testimony which is offered, as opposed to the status of the witness. *Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir.1993).

■ From this discussion, it may be gleaned that any time a witness attempts to offer an opinion outside of the scope of Fed.R.Evid. 701, that person will be offering expert testimony subject to the requirements of Fed.R.Evid. 702, which may trigger the reporting requirements under Fed.R.Civ.P. 26(a)(2)(A). If the witness has not provided a Rule 26(a)(2)(B) report, the Court will only allow an individual to give an expert opinion under Fed.R.Evid. 702 if that individual has a connection with the case by being a participant in the events. *See In re WorldCom, Inc. Securities Litigation,* No. 02 CIV 3288 DLC (S.D.N.Y. Feb 17, 2005)(former employees could testify concerning proper accounting practices in explaining their conduct and good faith in performing audits while not being subject to the expert report requirements of Rule 26); *Lowery v. Spa Crafters, Inc.,* No. CIV. A. SA03CA0073–XR, 2004 WL 1824380 (W.D.Tex. Aug. 16, 2004) (medical collaborator who had not treated or examined plaintiff may not be considered a treating physician and, in any event, could not provide testimony beyond the care and treatment provided without submitting a Rule 26(a)(2)(B) expert report).

■ In the instant case, it is not clear that all of defendants' witnesses are direct participants in the events in controversy or are otherwise fact witnesses so that their testimony could be considered that of a lay witness. The Advisory Committee Notes of the 2000 Amendments to Rule 26 specifically state that most courts permit an owner of a business to testify concerning the value of the projected profits. Thus, it may be that Mr. Russell's testimony as the corporate representative with respect to value could be considered lay testimony depending on his duties and experience. The Court notes that such opinion testimony "is admitted not because of experience, training, or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." And it may well be that Mr. Saurman may testify as a lay expert concerning the overall testing and service history of gearbox or overhaul procedures

used by the corporation. However, the other individuals may well be intending to express opinions concerning industry standards or the results of post-accident investigation.

To the extent defendants expect this Court to make a ruling on whether their witnesses will be offering expert testimony, the request is out of order. Rule 26(a)(2)(A) puts the burden on the parties to identify their expert witnesses, not the Court. Defendants do not even inform the Court whether these individuals will be offering opinions, lay or otherwise; nor are any opinions identified. Once a party identifies a potential witness as an expert under Rule 26(a)(2)(A), that witness is subject to being deposed as an expert. It is the parties' responsibility to both identify potential experts and to produce expert reports as necessary, or face the consequences for failing to do so. This may lead the parties to act cautiously and provide more rather than less.[3] However, there is not a discovery dispute until a party fails to fulfill its duty. Even then, the matter will normally come before the Court via a motion *in limine* to preclude testimony or at trial. The witnesses' testimony and the specific opinions must be identified before the Court will likely be in a position to rule on the matter. The rules do not contemplate, nor is the Court in a position to give, an advisory ruling as requested by the parties.

Next, the Court does not accept defendants' argument that expert depositions are not needed because regular depositions were taken in the Texas litigation. It is true that merely identifying a witness as an expert without requiring the identification of the opinions may render the depositions more difficult. Nevertheless, as stated by the Seventh Circuit:

Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial.... The failure to disclose experts prejudiced Gentiva because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.

*Musser,* 356 F.3d at 757–58. While it could be argued that it would be more efficient if Fed.R.Civ.P. 26(a)(1)(A) required a party not only to identify a person who will give expert witness, but to also identify the opinions, even if there is no expert report, the present rule does not contain this requirement.[4] Therefore, the Court will not require defendants to identify the opinions which these witnesses will give nor require expert reports from them. However, they are subject to being deposed, and these witnesses must be prepared to identify the opinions they will give at trial so that plaintiff may adequately meet them. If any of these witnesses' opinions are subject to Rule 26(a)(2)(B), defendants shall prepare reports forthwith.

For the above reasons, plaintiff's motion to preclude the testimony of defendants' experts will be denied, but the Court will grant that part of the motion to compel the redepositions of the witnesses Mercier, Previte, Saurman, Webb, and the deposition of Russell (which defendants do not oppose).[5] The

---

**3.** Courts have had to be alert to efforts to smuggle expert testimony into the case without complying with these requirements by characterizing it as lay testimony. An amendment to Evidence Rule 701 in 2000 should call further attention to this concern because it emphasizes that courts should scrutinize any testimony based on "scientific, technical, or other specialized knowledge" under the provisions of Evidence Rule 702.

8 Charles A. Wright, *Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure* § 2031.1, at 107 (2004 Pocket Part).

**4.** Because the experts not subject to Rule 26(a)(2)(B) reports will be fact or participant

witnesses and their opinions limited to the need to give them in order to relate the events in which they participated, it may be that the rule makers thought that the Rule 26(a)(2)(B) report obligation would be too onerous and in that regard, the example of the treating physician comes to mind wherein most of his or her testimony will be "expert."

**5.** In their brief, defendants argue that deposition notices are not sufficient to obtain the depositions of the five individuals and that plaintiff must subpoena them. However, defendants did not move to quash the deposition notices and only raise the matter in their brief, so that is not

Russell deposition will be a full deposition. The other four will focus on any opinions which the witnesses may seek to express at trial. The Court will deny plaintiff's request that these witnesses provide expert reports pursuant to Fed.R.Civ.P. 26(a)(2)(B). However, these individuals may not give opinions subject to that subdivision, if such reports have not been provided.

## II.

The next two motions are matters which the Court finds can be handled most expeditiously during a hearing. Plaintiff wants this Court to sanction defendants because they did not have a representative at the mediation as required by the local rules. Defendants contend that they had adequate personnel present, that no employee of defendants resides in the United States who had authority to settle the claim, that they provided adequate alternatives, and that plaintiff did not object at or prior to the mediation. Plaintiff wants sanctions, such as attorney's fees, mediator's fees, and expenses, and point out defendants should have sought court permission for their actions. Both sides have some valid points. Perhaps they could work out a compromise sanction in the range of $500.00 to $1,500.00. If not, they will appear at the hearing.

Next, plaintiff has filed a motion for a protective order that certain topics set out in defendants' Notice of Rule 30(b)(6) Depositions to plaintiff and non-party Duke University not be inquired into. Plaintiff states that these requests are not relevant, nor are they part of the claims or defense of the action. Plaintiff also claims that it would call on the non-party to formulate opinions or contentions regarding the cause of the accident and the value of the helicopter. The Court notes that Duke University has not filed an objection, nor sought a protective order, and that is a factor in denying the motion. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). There has not been a showing of undue burdensomeness. *Id.* A court will give extra consideration to the objections of a non-party, non-fact witness in weighing bur-

densomeness versus relevance. *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515 (M.D.N.C. 1989). That is not the situation here. Finally, the deposition is long overdue and plaintiff fails to make a compelling argument with respect to relevancy. Consequently, the Court will overrule plaintiff's attempt to represent Duke University.

With respect to plaintiff's objections concerning its own Rule 30(b)(6) deposition, the matter shall be scheduled for hearing. The Court notes that discovery controversies are still raging between the parties and that the trial is imminent. The Court will, therefore, direct plaintiff and defendants to schedule the depositions for both Duke University and plaintiff. However, with respect to plaintiff's deposition, the subject matters identified in plaintiff's motion for a protective order need not be answered until after the Court's ruling on the matter. The Court directs that the parties schedule plaintiff's and Duke University's depositions prior to March 31, 2005.

**IT IS THEREFORE ORDERED** that plaintiff's motion to preclude the testimony of defendants' experts (docket no. 51) is denied, but the motion is granted to the extent that plaintiff seeks to take the deposition of defendants' expert witnesses, which shall be scheduled prior to March 31, 2005. Further, the Court denies plaintiff's request that the Court order defendants to produce Fed. R.Civ.P. 26(a)(2)(B) reports.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions with respect to mediation (docket no. 38) is hereby scheduled for hearing at 9:30 a.m., on Thursday, March 24, 2004, in the Hiram H. Ward Federal Building and United States Courthouse, 251 North Main Street, Winston–Salem, North Carolina (Courtroom No. 2).

**IT IS FURTHER ORDERED** that plaintiff's motion for a protective order (docket no. 49) prohibiting inquiry into identified subject matter topics concerning defendants' Rule 30(b)(6) Notice of Deposition to Duke University is denied, but conditionally granted with respect to defendants' Rule 30(b)(6) notice to plaintiff's deposition. Both deposi-

an issue before the Court. Defendants will cooperate and help obtain the witnesses' depositions, and in no event may defendants elicit expert

testimony from them at trial without a prior deposition.

tions shall be scheduled and completed on or before March 31, 2005. Plaintiff's objections to its deposition will be heard at the March 24, 2005 hearing. Should this Court not have issued a ruling with respect to plaintiff's deposition, defendants shall not inquire into those subject matters until after the Court's ruling, at which time the deposition shall be resumed if the Court rules in defendants' favor.